United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-41080
Conference Calendar

---

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

SANDRO MEDINA-TENIENTE,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-357-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     This court affirmed the sentence of Sandro Medina-Teniente.

United States v. Medina-Teniente, No. 03-41080 (5th Cir. Mar. 15,

2004).  The Supreme Court vacated and remanded for further

consideration in light of United States v. Booker, 125 S. Ct. 738

(2005).  See Newsome v. United States, 125 S. Ct. 1112 (2005).

We have requested and received supplemental letter briefs

addressing the impact of Booker.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Medina-Teniente argues on remand that the district court erred in sentencing him pursuant to a mandatory application of the sentencing guidelines; however, he concedes that he did not object to his sentence in the district court under Blakely v. Washington** or under Booker. Medina-Teniente's failure to make such an objection results in review for plain error.

Under the plain-error standard, the defendant bears the burden of showing that (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). If these conditions are satisfied, this court may exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736-37 (internal quotation marks and citation omitted).

To satisfy the third prong of the plain error test in light of Booker, a defendant must demonstrate "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005). Absent any indication in the record that the district court would have imposed a lower sentence, a defendant does not meet this burden. See United States v. Mares, 402 F.3d 511, 522 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

_____

** 542 U.S. 296 (2004).

Medina-Teniente contends that the error committed by the district court is structural or presumptively prejudicial; however, he concedes that this issue is foreclosed by circuit precedent, and he raises it to preserve the issue for further review. We note that the issue is preserved. We agree with Medina-Teniente's concession that he cannot show that his sentence under mandatory guidelines affected his substantial rights. Thus, Medina-Teniente has failed to meet his burden of establishing that he is entitled to relief on plain error review. See Mares, 402 F.3d at 522.

Accordingly, we conclude that nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming the defendant's conviction and sentence.

AFFIRMED.